## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. **OCTAVIA L. MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIV-16-** 1100-HE |
| | ) | |
| 1. **R & R ENTERPRISES OF TULSA,** | ) | |
| **L.L.C.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | **Attorney Lien Claimed** |

## COMPLAINT

**COMES NOW** the Plaintiff, Octavia L. Morgan, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.     Plaintiff, Octavia L. Morgan, is an adult female who at all times relevant hereto was a resident of Oklahoma County, Oklahoma.

2.     Defendant, R & R Enterprises of Tulsa, L.L.C., is a limited liability company doing business in and around Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.     This is a cause of action arising out of Plaintiff's former employment with Defendant based on claims of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and Oklahoma Discrimination in Employment Act ("ODEA"), Okla. Stat. tit. 25 § 1350; race discrimination in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(f)(1)) and ODEA; and gender

1

discrimination in violation of Title VII of the Civil Rights Act of 1964 and ODEA.

4.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.  This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as they arise out of the same core of operative facts as the federal claims, and jurisdiction over them is vested in this Court under 28 U.S.C. §1367(a).

5.      All of the claims complained of herein occurred in or around Oklahoma County, Oklahoma.  Defendant is doing business in such county and may be served in such county.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.      Plaintiff has exhausted her administrative remedies.  She filed an EEOC Charge of Discrimination on or about February 16, 2016.  The EEOC issued a Notice of Right to Sue dated on or about August 17, 2016, which Plaintiff received thereafter by mail. She has timely filed her Complaint within ninety (90) days from her receipt of the same.

## STATEMENT OF FACTS

7.      Plaintiff, Octavia L. Morgan (DOB: 3/1954), who is an African-American female, began her employment with Defendant on or about January 19, 2016 as a Cook.  She was to work in the basement-level snack bar located in the Oklahoma State capitol building.

8.      Ryan Brown ("Ryan"), who is Caucasian, hired Plaintiff.  However, Plaintiff was told that she would be reporting to Manager Naiyana Puddicome, who is Asian-American.

2

9.      Plaintiff worked as a Cook without incident on or about January 19, 2016.

10.     However, the next day, January 20, 2016, when Plaintiff reported to work, Puddicome assigned Plaintiff to clean a snack bar that was being opened on the fourth floor, rather than performing Plaintiff's assigned job as a Cook.

11.     At one point during the course of the day, Puddicome (whose office was located in the basement-level snack bar area) came up to the fourth-floor snack bar, along with an Asian-American male, introduced to Plaintiff as Mr. Boyd.

12.     During the time Puddicome was present at the fourth-floor snack bar, Puddicome did not make any comment about Plaintiff's job or her performance, but focused her attention on talking to Boyd.

13.     Plaintiff finished cleaning the fourth-floor snack bar around the time her shift was scheduled to end.  Therefore, Plaintiff returned to the basement-level snack bar to clock out for the day.

14.     Upon arrival, Plaintiff was met by Puddicome who stated in the presence of the other employees working in the basement-level snack bar that she was terminating Plaintiff, stating that Plaintiff was "too old, too slow" and could not "keep up."

15.     Shocked, Plaintiff complained to Ryan about her termination and Puddicome's discriminatory comments.  In response, Ryan stated that "what [Puddicome] says goes."

16.     Plaintiff then approached Puddicome, stating her confusion as to why she was being fired.  Puddicome reiterated that Plaintiff was "too old" and that Puddicome did not

believe Plaintiff could keep up.

17.     Following Plaintiff's termination, Plaintiff was informed that Boyd, a significantly younger, Asian-American male, replaced her.

18.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

19.     The matters alleged above constitute violations of the ADEA in the form of age discrimination.

20.     Plaintiff is entitled to relief under federal law for age discrimination because at all relevant times hereto, Plaintiff was over the age of forty (40), and Plaintiff has presented direct evidence of age discrimination.

21.     Plaintiff is further entitled to relief under the ADEA because, at all relevant times to this action, Plaintiff was over the age of forty (40); she was qualified for her job; she was terminated and her position was not eliminated.

22.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct in violating the ADEA.

## COUNT II

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

23.     The matters alleged above constitute violations of the ODEA in the form of age discrimination.

24.     Plaintiff is entitled to relief because, at all relevant times hereto, Plaintiff was over the age of forty (40), and Plaintiff has presented direct evidence of age discrimination.

25.     Plaintiff is further entitled to relief because, at all times relevant to this action, she was over the age of forty (40), was qualified for her job, was discharged and replaced by a significantly younger individual.

26.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed state law.

## COUNT III

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

27.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination.

28.     Plaintiff is entitled to relief under 42 U.S.C. § 1981 for race discrimination because, as stated herein, Plaintiff is a member of a protected class; she was qualified for her job; she was terminated; and her job was not eliminated.

29.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

30.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT IV

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

31.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination.

32.     Plaintiff is entitled to relief under Title VII for race discrimination because, as stated herein, Plaintiff is a member of a protected class; she was qualified for her job; she was terminated; and her job was not eliminated.

33.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

34.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT V

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

35.     The matters alleged above constitute violations of the ODEA in the form of race discrimination.

36.     Plaintiff is entitled to relief because, because, as stated herein, Plaintiff is a member of a protected class; she was qualified for her job; she was terminated; and her job was not eliminated.

37.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed state law.

## COUNT VI

For her sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

38.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender-based discrimination.

39.     Plaintiff is entitled to relief under Title VII for gender discrimination because, as stated herein, Plaintiff is a member of a protected class; she was qualified for her job; she was terminated from her employment with Defendant; and her job was not eliminated.

40.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

7

41.    Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT VII

For her seventh cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

42.    The matters alleged above constitute violations of the ODEA in the form of gender discrimination.

43.    Plaintiff is entitled to relief because, because, as stated herein, Plaintiff is a member of a protected class; she was qualified for her job; she was terminated; and her job was not eliminated.

44.    As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed state law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant and assess compensatory damages including but not limited to backpay, future wages and other compensatory damages, together with pre- and post-judgment interest, costs, attorney's fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**RESPECTFULLY SUBMITTED THIS <u>21st</u> DAY OF SEPTEMBER, 2016.**

<div style="margin-left:50%;">

s/Jana B. Leonard

JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA # 18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800        (telephone)
(405) 239-3801        (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

</div>